## TOMMY DAVIS V. THE STATE.

No. 18230. Delivered May 27, 1936.
Rehearing Denied June 24, 1936.

The opinion states the case.

T. R. Mears, of Gatesville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the 10th of June, 1935, someone burglarized a school building in Hamilton, Texas. Several typewriters were taken from the building. One of said machines was traced to the possession of appellant. E. C. Densman, a witness for the State, testified that he bought a typewriter from appellant shortly after the burglary. He sold said typewriter to M. A. Walker, who returned it to the school authorities. It was positively identified as the property of the school. Appellant introduced witnesses whose testimony raised the issue that he purchased the typewriter from some person whose name was unknown to them. Appellant did not testify.

Appellant brings forward several bills of exception in which he complains of the action of the court in permitting witnesses to testify as to the serial number on the stolen typewriter. We think said testimony was admissible. At all events, the typewriter was positvely identified as the property of the school.

Appellant objected to the charge on his affirmative defense on the ground that it was too restrictive. We quote said charge as follows:

"If you have a reasonable doubt as to whether or not he (the defendant) purchased the typewriter in question, you will give the defendant the benefit of such doubt and acquit him and say by your verdict 'not guilty.'"

We think the charge adequately presented appellant's affirmative defense.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again insists that the defensive charge on purchase was calculated to mislead the jury into believing that appellant would not be entitled to acquittal of the burglary charge unless he purchased the typewriter from the true owner. We fail to perceive any basis for such a position. The State had proven beyond a reasonable doubt that the true owner lost the typewriter by burglary and theft. If the evidence had suggested that appellant bought the property with knowledge that it had been stolen, then his guilty connection as a "receiver" might have called for an instruction more comprehensive than the one given, but under the facts here presented we remain of the opinion that the charge given was sufficient.

The motion for rehearing is overruled.

*Overruled.*